GUGGI, Respondent, v. McNAMEE, Appellant.

(213 N. W. 1.)

(File No. 5870.   Opinion filed April 11, 1927.)

**Damages—Evidence of Fractures Found Year After Automobile Accident Held Inadmissable In Damage Suit Without Proof That No Other Injury Caused Them.**

In woman's suit for injuries from automobile collision, doctor's testimony of fractured ribs and resulting adhesions, found more than year later, held inadmissable without proof that plaintiff had not suffered other injury which might have caused the fractures.

---

Note.—See, Headnote, American Key-Numbered Digest, Damages, Key-No. 168(2), 17 C. J. Sec. 326.

Appeal from Circuit Court, Miner County; HON. ALVA E. TAYLOR, Judge.

Action by Anna Guggi against J. E. McNamee. Judgment for plaintiff, and defendant appeals. Reversed.

*Null & Royhl,* of Huron, for Appellant.
*W. E. Weygent,* of Howard, for Respondent.

MORIARTY, C. This is an action for personal injuries suffered from a collision on the highway, and for expenditures for surgical and hospital bills and for domestic help employed during disability resulting from the accident.

On the evening of September 8, 1921, plaintiff was riding northward on a spring seat placed on the floor of a triple box wagon bed. The team was being driven by plaintiff's husband, who was standing up in front of the wagon. Defendant was alone in a Ford car which he was driving southward on the same highway. A collision occurred between defendant's car an the wagon in which plaintiff was riding. Some damage to the horses and wagon resulted from the collision, and plaintiff testified that, by the shock of the collision, she was thrown toward the rear end of the wagon, and against the rear endgate, in such manner as to injure her right side causing her great pain and suffering, totally disabling her for about seven weeks. The record further shows that on October 4, 1921, the plaintiff's husband signed a receipt stating that—

"For and in consideration of three hundred dollars ($300.00) to us in hand paid by J. E. McNamee of Canova, South Dakota, we the undersigned and each of us do hereby release the said J. E. McNamee from all claims for damages to our persons or property resulting from a collision," etc., describing the collision by time and place.

This receipt was signed by the plaintiff's husband in the presence of James Lyons of Howard, S. D., who had been employed by the husband of plaintiff to secure a settlement from McNamee. The husband signed his own name, F. M. Guggi, and also signed, "Anna Guggi, by F. M. G." Mr. Lyons testified that he told Guggi that Mrs. Guggi should sign, but that Guggi said that was all right, he had the right to sign for her. Mr. Lyons further testified that he signed the receipt, "Baldwin & Lyons, Attorneys for Fred Guggi and Anna Guggi," and that when he did so he understood that he had been employed by Fred Guggi

to represent both Guggi and his wife. The $300 was paid and the receipt surrendered to McNamee. The plaintiff denied that her husband had any authority to sign her name to the receipt, or to employ Mr. Lyons to act on her behalf.

In January, 1923, the plaintiff was examined by a surgeon who operated upon her for gallstones. He testified that he found evidences of a healed fracture, which he described as an old fracture, of two ribs on the plaintiff's right side, and found adhesions of the liver to the peritoneum, and he considered that the injury to the ribs caused these adhesions and would probably cause some pain, and that the gallstone troubles might be aggravated by the injury to the side. There was evidence as to the reasonable value of this surgeon's services, and as to the amount of the hospital bill, but no evidence as to whether these items had ever been paid. Defendant's counsel objected to the evidence as to the old fractures and adhesions on the ground that these conditions were not shown to have resulted from the injuries caused by the accident attributable to the defendant's negligence. The court allowed the evidence to go into the record, stating that it would have to be connected up later, and that it was admitted subject to further ruling of the court. The doctor testified that he could not tell whether the ribs had been fractured one year before his examination or ten years before. The only effort to "connect up" these injuries with the collision described one year before his examina- by recalling the plaintiff and securing her testimony that she had not suffered any injury since the collision with defendant's car. There is no record of any further ruling of the court upon this point. On cross-examination this doctor testified that he believed that the pain complained of by plaintiff at the time he operated upon her was due to the gallstones, and that he could not tell how long the gallstones had existed in this case. He also testified the presence of gallstones cannot be said to be due to any accident or injury.

At the close of the doctor's evidence, defendant's attorneys moved the court to strike out all his testimony, on the ground that there was no evidence to show that the condition of the plaintiff at the time he examined her was due to the collision complained of, or in any way connected with it. This motion was denied. At the close of all the evidence defendant's counsel moved for the

direction of a verdict in defendant's favor on the ground that there was no evidence to support any verdict for the plaintiff. This motion was denied, and the case submitted to the jury, which returned a verdict for the plaintiff in the sum of $1,500. Judgment was entered upon this verdict, a motion for a new trial was denied, and from such judgment and the order denying a new trial this appeal is taken.

Appellant's assignments of error present two important questions:

First.    Did the trial court err in admitting testimony as to the evidences of the old rib fractures, with no evidence to connect such fractures with the collision complained of except the plaintiff's statement that she had suffered no injury since said accident?

Second.    Did the court err in denying appellant's motion for a new trial upon the ground that there was no evidence to show the plaintiff's right to recover anything for expenditures for domestic help, for surgeon's bill for the operation, and for hospital expenses?

As to the first of these questions: The doctor's testimony showed that an injury suffered at some time had fractured two of plaintiff's ribs. And his testimony further showed that plaintiff's sufferings from gallstones may have been aggravated by the adhesions and irritation due to these fractures. To entitled the jury to give any weight to this evidence, it was important that there should be something to show that these fractures and the consequent adhesions were results of the particular accident complained of. The only evidence in any way tending to do this was that of the plaintiff and her witnesses to the effect that she was in good health before this particular accident, and that she suffered pain and disability afterward, and that of the plaintiff herself that she had suffered no injury since that inflicted by the accident complained of. The evidence as to her general health before and after the accident was properly admitted, as it tended to establish the fact of injury from that particular accident. But to establish a probability that the old fractures and the consequent adhesions were the result of that particular accident it was necessary to show that the plaintiff had not suffered any injury which might have fractured those ribs, either before or after the accident complained of. The proof that plaintiff's ribs were fractured in that particu-

lar accident, and that adhesions resulted from the fracture, would be likely to have much greater convincing force with the jury than the mere statements as to pain and suffering. The learned trial court erred in allowing this evidence to go to the jury without some evidence that the ribs had not been fractured before the accident complained of.

This being true, we are not required to pass upon the second question presented.

For the error mentioned, the judgment and order of the trial court are reversed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.